IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ken Moorehead,<br><br>        Plaintiff,<br><br>vs.<br><br>Conway Solicitor's Office,<br><br>        Defendant. | Case No.: 4:25-cv-00709-JD-KDW<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 21), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of *pro se* Plaintiff Ken Moorehead's ("Plaintiff" or "Moorehead") pleadings.[1]

### A. Background

The Report comprehensively sets forth the factual allegations and legal framework, which the Court adopts by reference and summarizes briefly below for context.

Plaintiff, a detainee currently incarcerated at the J. Reuben Long Detention Center, alleges that he was arrested in 2023 while at the beach and subsequently

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

arraigned without the assistance of counsel. (DE 13.) A publicly available news article indicates that Plaintiff was charged with third-degree assault and battery, kidnapping, and third-degree criminal sexual conduct with a minor.[2]

Plaintiff appears to be seeking bail and a speedy trial. He states that he has submitted letters and pleadings to the Conway Court requesting both bail and due process protections. (DE 13.) According to Plaintiff, a bail hearing was held on April 4, 2024, at which time bail was set in the amount of $20,000. (*Id.*) Plaintiff asserts that he is indigent and unable to post bail. (*Id.*) He further claims that he sent a letter to the Conway Court on October 30, 2023, invoking his constitutional right to a speedy trial. (*Id.*)

Plaintiff also states that he has not received a preliminary hearing and that his appointed public defender has neither filed motions nor undertaken any substantive action on his behalf. (*Id.*) He alleges that his public defender informed him that trial is not expected until January 2026. (*Id.*) Plaintiff states that he was offered a plea agreement for time served, which would require him to plead guilty and register as a sex offender; however, he rejected the offer and maintains his plea of not guilty. (*Id.*)

Plaintiff contends that as a result of the pending charges, he has lost his job, vehicle, housing, and significant personal property. He further alleges damage to his

---

[2] See *Affidavit: Myrtle Beach man charged with touching 10-year-old boy at beach*, WMBF News (July 17, 2023), https://www.wmbfnews.com/2023/07/17/affidavit-myrtle-beach-man-charged-with-touching-10-year-old-boy-beach/.

personal relationships and reputation. (*Id.*) Plaintiff seeks monetary damages and dismissal of the pending charges with prejudice. (*Id.*)

### B. Report and Recommendation

On March 13, 2025, the Magistrate Judge issued a Report recommending dismissal of the Complaint without issuance and service of process. The Report concluded that dismissal was warranted because *Younger* abstention bars Plaintiff's claims for injunctive relief, and Plaintiff has failed to demonstrate that he has successfully challenged his pending criminal charges to support a claim for wrongful imprisonment. (DE 21 at 6.) Under the *Younger* doctrine, federal courts must abstain from interfering in ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); (DE 21 at 3). Accordingly, the Report also found that any amendment to the Complaint would be futile.

Additionally, the Report recommends dismissal of Plaintiff's claims against Defendant Conway Solicitor's Office. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Report correctly notes that the Conway Solicitor's Office is a physical location or facility, and as such, is not a "person" subject to suit under § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 690 & n.55 (1978) (explaining that the term "person" under § 1983 includes individuals and entities capable of being sued, such as bodies politic and corporate).

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff submitted an eight-page handwritten objection. However, the Court finds that the objection is largely unintelligible due to both the illegibility of the handwriting and the incoherence of the statements presented. Upon careful review, it is evident that Plaintiff fails to address the substantive basis for the Magistrate Judge's recommendation for dismissal—namely, the application of the *Younger* abstention doctrine.

Because Plaintiff has not raised any specific or cognizable objections to the Report, the Court overrules the objections without further analysis. To the extent Plaintiff's filing can be construed as asserting generalized or conclusory objections,

4

the Court is not required to provide a detailed explanation for adopting the Magistrate Judge's recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court need only ensure that there is no clear error on the face of the record in order to accept the recommendation. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. The Court adopts the Report (DE 21) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint is DISMISSED without issuance and service of process. All pending motions are DENIED AS MOOT.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 30, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.